DAY, GRISWOLD &' CO. *v.* W. W. WALKER *et al.*

CHANCERY PLEADINGS AND PRACTICE.   *Attachment bill.   Decree.*   Where the decrees and proceedings thereunder in an attachment suit have been set aside upon a bill filed for the purpose, charging fraud in the suing out of the attachment as well as irregularity in the proceedings, and the property attached has been restored by a decree which makes no reservation in favor of the attaching creditors, a bill will not lie by those creditors to take up the original attachment suit at some point in its progress, upon the theory that the proceedings up to that point were not expressly annulled by the decree:

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

HENDERSON & JOUROLMON and O. P. TEMPLE for complainants.

T. S. WEBB and W. P. WASHBURN for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor dismissed the bill on demurrer, and the complainants appealed.

It is only necessary to state the facts alleged upon which the bill is sought to be sustained. On August 6, 1864, the complainants filed their original attachment bill against the defendant W. W. Walker, alleging that he was indebted to them by notes described then past due, and was "a non-resident of the State, and had fled from the State or so absconded as to prevent the service of ordinary process." Attachment issued, and was levied on certain realty, and publication was made for the defendant. Such proceedings were had that on July 29, 1865, a judgment *pro confesso* was taken against Walker, and a final decree rendered in favor of complainants for their debt, and ordering the land attached to be sold in satisfaction thereof; that the sale was made, and confirmed on the 17th of October, 1865, the purchasers being put in possession of the realty, and its net proceeds applied to the payment of complainants' debt. On December 26, 1873, W. W. Walker filed his original bill against the complainants and the purchasers of the land, alleging that he was not a non-resident nor absconding when the attachment was sued out by the complainants, that the publication in their suit was

defective, irregular and void, and did not have the effect of bringing him before the court, or giving the court jurisdiction, and praying that the sales might be set aside, and he restored to his property. Such proceedings were had in said cause, that by the final decree, rendered at the September term, 1877, of this court, "the *pro confesso* judgment" against Walker in the first suit, "and all subsequent orders, decrees and other proceedings" were declared void, and the lands restored. The present bill was filed April 7, 1879, and seeks to enforce the levy of the attachment in the original suit upon the ground that it was left in full force by the decree of this court in the second suit.

The theory of the bill, as well as the argument submitted in support of it, is rested upon the letter of the decree setting aside the proceedings under the original attachment. It assumes that the final decree of this court only annulled the order taking the bill for confessed, and the subsequent proceedings and decrees, leaving the original bill, with the fiat thereon, and the attachment and levy in full force, to be taken up as if nothing had been done in the cause. The bill before us shows, however, that Walker attacked the proceedings in the original suit upon the ground that he was not a non-resident nor absconding when the attachment was sued out. And it does not show that there was any defect in the proceedings which vitiated them, except the fact that Walker was neither a non-resident or absconding. It alleges, it is true, that Walker's bill contained an averment "that the

publication," in the original suit, "was defective, irregular and void." But it does not allege that the final decree of this court was based upon the invalidity of the publication. So far as appears, the decree of this court may have been made upon the finding of the fact that Walker was not a non-resident or absconding debtor, and not upon a defect in the publication which is nowhere stated. In other words, we are asked to infer from the wording of the decree, that the proceedings in the original suit were declared void because of an irregularity in the publication, which does not appear, rather than in the untruth of the averments made for the attachment, which is distinctly averred. Obviously, the fair inference would be that the orders and decrees, upon which the rights of the opposing parties were based, were set aside because the supreme court found as a fact that they were obtained by the fraudulent averment that the debtor was a non-resident or absconding, when he was neither. If the decision was made upon a different ground, it was the duty of the complainants to specifically point it out. This they have not done. There ought to be no uncertainty in the averment of facts, and no unreasonable demand upon the court to draw inferences, where judicial decrees are sought to be reviewed after a litigation of years: *McDowell* v. *Morrell*, 5 Lea, 286. Every intendment is in favor of the finality of the decree. "It has been held by this court in one or more thoroughly considered cases that a charge of non-residence, of removal or removing from the State, absconding, &c., as grounds of attachment,

when, in fact, the defendant was beyond the State by reason of his hostile attitude as a belligerent or a follower of either cause during the late war, and where he was separated from the place where the court was held by hostile lines of the opposing armies, was in the nature of a fraud": *Haynes* v. *Powell*, 1 Lea, 352. And the report of the suit in which the final decree in question was rendered, when brought before this court by appeal from the chancellor's ruling on the demurrer to the bill, shows that such was the character of the case attacked: *Walker* v. *Day, Griswold & Co.*, 8 Baxt., 77. There cannot be a reasonable doubt that the decree in question proceeded upon this ground, and not upon any defect in the publication.

Moreover, the original suit was out of court by a final decree, obtained by the complainants, and strenuously maintained. If, upon the bill of Walker to set the proceedings aside for fraud, the court found the fraud to consist in some matter that did not go to the entire cause, and the original complainants were entitled to take up the litigation at the point where the fraud occurred, they should have applied for redress in that suit, and obtained the necessary decree for the purpose. The decree then rendered, being without reservation, was final and conclusive against them.

Affirm the decree with costs.